# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KIM POWELL (#111068)**                                            **CIVIL ACTION**

**VERSUS**

                                                                    **23-1395-BAJ-RLB**

**SHARON WESTON BROOME, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 25, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIM POWELL (#111068)                                        CIVIL ACTION

VERSUS

                                                            23-1395-BAJ-RLB

SHARON WESTON BROOME, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Defendants' Motion for Summary Judgment (R. Doc. 13). Defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Material Facts, and various documents pertaining to the plaintiff's arrest and prosecution. The Motion is not opposed.

**Summary Judgment Standard**

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.

If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory

allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### Plaintiff's Allegations

In his Complaint, the plaintiff alleges that the defendants violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights in connection with his detention and arrest which lead to him being charged with Second Degree Murder, Simple Arson and Obstruction of Justice. Specifically, the plaintiff alleges that he was arrested and detained without a warrant and without probable cause, the investigation focused on him alone, other persons of interest were not questioned, an unduly suggestive identification process was used, all evidence was not collected and evaluated, and the arrest affidavits contained false information.

He seeks a declaratory judgment declaring that the defendants violated his constitutional rights, and injunctive relief compelling the defendants to implement reforms through the use of an independent agency. He also requests injunctive relief in the form of prosecution of certain defendants. The plaintiff does not seek monetary damages.

**Claims Barred under *Heck***

Defendants assert that the plaintiff's claims are barred by *Heck*. Plaintiff was ultimately convicted of second-degree murder on August 15, 2022, and was sentenced to life at hard labor on March 15, 2023. In *Heck v. Humphrey,* 512 U.S. 477, 487 (1994), the Supreme Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. In *Edwards v. Balisok*, 520 U.S. 641 (1997), Edwards alleged that the procedures used in his disciplinary proceeding violated his Fourteenth Amendment due process rights. He filed this suit under 42 U.S.C. § 1983 for a declaration that those procedures were unconstitutional, compensatory and punitive damages for their use, and an injunction to prevent future violations. The Court concluded, based on *Heck*, that Edwards' claims for declaratory relief and monetary damages were not cognizable under § 1983 since the nature of his challenge to the disciplinary procedures could necessarily imply the invalidity of his disciplinary conviction. With regards to Edwards' request for prospective injunctive relief (requiring prison officials to date-stamp witness statements at the time they are received), the Court found that such relief did not necessarily imply the invalidity of his conviction.

Accordingly, plaintiff's claim for a declaratory judgment is barred by *Heck*. If this Court were to declare that the plaintiff's constitutional rights were violated in connection with his detention and arrest, such declaration would necessarily imply the invalidity of the plaintiff's conviction. However, the plaintiff's request for prospective injunctive relief to compel the defendants to implement reforms in the future, through the use of an independent agency, is not barred by *Heck* since his request for prospective relief will not necessarily imply the invalidity of his conviction. When the relief sought is "future-oriented—even if, as a kind of byproduct,

success in it shows that something past should not have occurred" *Heck* does not preclude relief. *See Olivier v. City of Brandon, Mississippi*, 607 U.S. 552, 565-566 (2026).

**Standing for Injunctive Relief**

Nevertheless, as noted by the Court in *Edwards*, "To prevail, of course, respondent must establish standing, see *Lewis v. Casey*, 518 U.S. 343, 351–354, 116 S.Ct. 2174, 2189–2190, 135 L.Ed.2d 606 (1996), and meet the usual requirements for injunctive relief, see, *e.g., O'Shea v. Littleton*, 414 U.S. 488, 499, 502, 94 S.Ct. 669, 677–678, 679, 38 L.Ed.2d 674 (1974)." *Edwards*, 520 U.S. 641, 648. As noted by the Court in *Lewis*, standing, in this context, is a constitutional principle that prevents courts of law from undertaking tasks assigned to political branches – "It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution." *Lewis*, 518 U.S. 343, 349. With regard to the past harms alleged by the plaintiff, he may seek relief from the courts by seeking relief in a collateral attack in the state or federal courts. If successful, Plaintiff may then seek damages in a suit under § 1983. However, it is the job of the political branches of the city, parish, or state government to manage the Baton Rouge Police Department to prevent future harm, not this Court.

On its face, the relief requested does not require seem to require much from this Court. However, if defendants failed to appoint an agency or the agency failed to meet their requirements, this Court would certainly be called upon to litigate these issues. Should such issues arise during a state proceeding, the Court would then be asked to violate comity and federalism principles. This sort of intrusive and unworkable supervision of state judicial processes has been condemned by the Supreme Court. *See O'Shea v. Littleton*, 414 U.S. 488,

499, 500-503 (1974). Nor is it the job of this Court to implement criminal prosecutions as relief in a civil suit. Such a job certainly lies with state government outside these proceedings.

Further, like the respondents in O'Shea, plaintiff has failed to establish the basic requisites for such relief – the likelihood of substantial and immediate irreparable injury, and the inadequacy of the remedies at law. Plaintiff has been sentenced to life in prison. The likelihood of any further interaction with the Baton Rouge Police Department is neither substantial nor immediate. Additionally, as noted above, the plaintiff has several avenues by which he may attack his conviction; therefore, there are adequate remedies at law. Accordingly, the plaintiff is not entitled to such injunctive relief, and his claims should be dismissed[1].

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment (R. Doc. 13) be granted, and that this action be dismissed, without prejudice.

Signed in Baton Rouge, Louisiana, on June 25, 2026.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Defendants did not differentiate between the types of relief requested by the plaintiff; however, the Court possesses the authority to *sua sponte* expand upon the grounds for dismissal urged by the movant as long as the plaintiff receives notice and a chance to respond. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (*citing Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322 (5th Cir. 1995) (district court *sua sponte* dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer). **This Report and Recommendation provides adequate notice to the plaintiff**. *McCoy v. Wade*, No. 06-2292, 2007 WL 1098738, at *1 (W.D. La. Mar. 12, 2007). "[I]t is well-settled that a district court may grant summary judgment *sua sponte* [on its own motion], so long as the losing party has ten days notice to come forward with all of its evidence in opposition to summary judgment." *Shepard v. Gulf Coast Community Services*, 221 Fed.Appx. 308, 310 (5th Cir. 2007), (*citing Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770 (5th Cir. 2000)). The 14-day objection period to this Report and Recommendation is sufficient to satisfy the notice requirement. *See Bustinza v. Lucio*, No. 19-36, 2022 WL 1548118, at n. 1 (S.D. Tex. March 4, 2022), (*citing U.S. v. Willis*, 273 F.3d 592, 597 (5th Cir. 2001)).